THE ROTHEMAY.[1]

MORTON v. THE ROTHEMAY.

(*District Court, S. D. New York.*  February 6, 1888.)

SEAMEN—CLAIM FOR WAGES—DESERTION—CRUEL TREATMENT.
 As against libelant's claim for wages, the defense set up was desertion.
 Libelant claimed that he left the vessel on account of cruel treatment by the
 master.  As the cruelty alleged by libelant rested solely on his own evidence,
 was denied by the master, mate, and steward, their evidence not being rebut-
 ted by libelant, and none of his shipmates being called to corroborate him,
 *held,* that his claim, resting on such testimony, was too uncertain, and too
 much open to suspicion as to his good faith, to be allowed, and the libel should
 be dismissed.

In Admiralty.    Libel for wages.
*Willis B. Dowd,* for libelant.
*J. R. Walker,* for claimant.

BROWN, J.   The libelant sues for a balance of wages due from the Brit-
ish vessel Rothemay, on board of which he shipped for three years.    On
arrival at New York, after being two months abroad, he left the ship,
and most of the crew did the same.    His wages by the articles were £2
10s., per month.    The current rate at New York was $30.    The defense
is desertion.    The libelant was not regularly discharged.    The excuse
for leaving is alleged cruel treatment, viz., that he was triced up by the
master for a comparatively trifling offense, his hands being handcuffed
behind him, a rope rove through, and carried over some skids, and then
lifted up so that he rested only upon his toes, causing great suffering.
    If the punishment to the extent alleged by the seaman were proved,
I should hesitate to regard the case as one of desertion.    The captain,
mate, and steward, however, all testify that the libelant was not at all
lifted up, but stood firmly upon his feet.    The steward testified that part
of the time he was dancing a jig.    The libelant was present when this
testimony was given, and had opportunity to deny or rebut it, but did
not do so; and his story is not confirmed by any other witnesses among
his many companions, who must have been fully cognizant of the facts.
After two or three weeks ashore he shipped on board another vessel, pre-
sumably at much higher wages.    There is too much uncertainty as to the
libelant's claim of excessive punishment, resting upon such uncorrobo-
rated statements of his own, and too much room for suspicion as to his
good faith, in the various circumstances of the case, to warrant a decree
in his favor, and the libel must, therefore, be dismissed.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.